<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| MARCIANO PARODI, *et al.*, | : | |
| | : | Civ. No. 04-1087 (GEB) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| JOSEPH OXLEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### BROWN, Chief Judge

This matter comes before the Court upon the following motions: (1) defendants Joseph Oxley, individually and in his official capacity as Monmouth County Sheriff, and the County of Monmouth's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56; (2) defendant Robert Tenpenny's motion for summary judgment (all defendants collectively referred to as "Defendants"); and (3) plaintiffs Marciano and Patricia Parodi's (referred to collectively as "Plaintiffs") cross motion for summary judgment.  The Court, having considered the parties' submissions and having decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, will grant defendants Joseph Oxley and the County of Monmouth's motion for summary judgment, deny defendant Robert Tenpenny's motion for summary judgment, and deny Plaintiffs' cross motion for summary judgment.

## I.  BACKGROUND

On March 12, 2002, Plaintiffs were in the courtroom of the Honorable Jamie S. Perri, in

the Superior Court of New Jersey, for a hearing concerning Patricia's daughters and visitation by the daughters' father, Fred McCall.  (See Certification of Michele J. Clark, Exhibit C at 11-12.) Sheriff's Officer Robert Tenpenny was on duty in the Court Security Division and assigned to Judge Perri's courtroom.  (See Certification of Michele J. Clark, Exhibit B at 15.)  At the hearing, Judge Perri denied Patricia's application to suspend McCall's visitation and awarded temporary custody of Patricia's children to McCall.  (See Certification of Michele J. Clark, Exhibit D at 69-70.)

At the conclusion of the hearing, Plaintiffs were directed to wait in the courtroom while paperwork was prepared.  (See Certification of Michele J. Clark, Exhibit B at 97-98.)  Officer Tenpenny testified in his deposition that Marciano was displeased with the court's decision and directed his anger towards Officer Tenpenny.  (See Certification of Michele J. Clark, Exhibit B at 98-104.)  Marciano reluctantly sat down after Officer Tenpenny told him he would be arrested if he did not sit.  (Certification of Michele J. Clark, Exhibit B at 104.)  Officer Tenpenny testified that after telling him to wait for the paperwork, Marciano jumped up and bumped him in the chest.  (Certification of Michele J. Clark, Exhibit B at 113-14.)  At this point, Officer Tenpenny placed Marciano under arrest and handcuffed him.  (See Certification of Michele J. Clark, Exhibit B at 114-17.)  Officer Tenpenny testified that he was able to handcuff Marciano by simply grabbing his wrists and handcuffing him in the front.  (Certification of Michele J. Clark, Exhibit B at 117-18.)

On or about March 5, 2004, Plaintiffs filed the instant Complaint against Officer Tenpenny, Monmouth County Sheriff Joseph Oxley, and the County of Monmouth.  Plaintiffs alleged a markedly different sequence of events occurring on March 12, 2002, centered around

Officer Tenpenny willfully assaulting Marciano Parodi .  (See Plaintiffs' Complaint at ¶¶ 10-31.)
The Complaint alleged ten counts, including violations of the Fourth and Fourteenth
Amendments and Section 1983 (Counts I and II); a New Jersey state law claim for malicious
prosecution (Count III); New Jersey state law claims for negligence (Counts IV and V);
violations of the New Jersey Constitution's grant of liberty interest to be free (Counts VI and
VIII); violations of the New Jersey Constitution's grant of the right to be free from unreasonable
searches and seizures (Counts VII and IX); and a claim for loss of consortium (Count X).

On or about December 23, 2005, defendants Oxley and the County of Monmouth filed a
motion for summary judgment of Plaintiffs' Complaint.  On January 11, 2006, the magistrate
judge entered an Order granting Plaintiffs' counsel's request to withdraw.  Thereafter, on
February 1, 2006, the magistrate judge entered an Order granting Plaintiffs permission to proceed
pro se.  On or about February 23, 2006, defendant Tenpenny filed a motion for summary
judgment on Plaintiffs' Complaint.  On or about March 28, 2006, Plaintiffs requested
adjournment of Defendants' motions in order to obtain documents from the state court action that
would assist them in opposing the motions.  On or about April 4, 2006, this Court entered a letter
Order granting Plaintiffs' request.  On or about April 13, 2006, Plaintiffs filed their opposition to
Defendants' motions for summary judgment and a cross motion for summary judgment.

## II.  DISCUSSION

### A.  Standard for a Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any
material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ.

3

P.  56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax

Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209,

1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d

230, 232 (3d Cir. 1986).  The threshold inquiry is whether "there are any genuine factual issues

that properly can be resolved only by a finder of fact because they may reasonably be resolved in

favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no

issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to

return a verdict in its favor).  In deciding whether triable issues of fact exist, the Court must view

the underlying facts and draw all reasonable inferences in favor of the non-moving party.  See

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal

Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225,

231 (3d Cir. 1987).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in
> this rule, an adverse party may not rest upon the mere allegations or denials of
> the adverse party's pleading, but the adverse party's response, by affidavits or
> as otherwise provided in this rule, must set forth specific facts showing that
> there is a genuine issue for trial.  If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The rule does not increase or decrease a party's ultimate burden of proof

on a claim.  Rather, "the determination of whether a given factual dispute requires submission to

a jury must be guided by the substantive evidentiary standards that apply to the case."  Anderson,

477 U.S. at 255.

Under the rule, a movant must be awarded summary judgment on all properly supported

issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains.  See Celotex, 477 U.S. at 324.  Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

 What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Rules supplement the Federal Rules and provide that "each side shall furnish a

statement which sets forth material facts as to which there exists or does not exist a genuine

issue."  L. Civ. R. 56.1.  "Where possible, a single joint Rule 56.1 statement is favored."  Allyn

Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted).  "Where a joint

statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts

which remain uncontested by the opposing party are deemed admitted.'"  Id. at 193 (citations

omitted).  However, "the parties' L. Civ. R. 56.1 statements cannot bind the Court if other

evidence establishes that the stipulated facts are in error."  Id. (citation omitted).

    B.  Plaintiffs' Failed to Provide Evidence in Support of Their Claims Against
        Defendants Oxley and the County of Monmouth

Plaintiffs alleged claims against defendant Oxley for his failure "to provide adequate

training, supervision and discipline and his failure to enforce the laws of the State of New Jersey

and the regulations of the Monmouth County Sheriff's Department," and the County of

Monmouth "for the policies, procedures and customs in effect at the Monmouth County Sheriff's

Office . . . ."  (Complaint at ¶¶ 39, 52, 45, 57.)  Those allegations from the first two counts of

Plaintiffs' Complaint are thereafter incorporated into the subsequent counts of the Complaint and

serve as the alleged bases for imposing liability on these defendants.

As set forth above, Plaintiffs bear the burden of presenting a genuine issue of material

fact.  See Celotex, 477 U.S. at 324; Lujan, 497 U.S. at 888; Big Apple BMW, 974 F.2d at 1363.

Plaintiffs' initial answers to interrogatories merely referenced the Complaint and stated that the

facts are subject to what "further discovery and investigation may reveal."  (See Certification of

Linda Grasso Jones, Exhibits D, F [Interrogatories]; Certification of Linda Grasso Jones,

Exhibits E, G [Answers]).  However, Plaintiffs at no point thereafter set forth any facts with

respect to the claims against these defendants despite the Court granting their request for an adjournment to allegedly provide them with the opportunity to obtain documents in aid of their submission.  Therefore, Plaintiffs have failed to satisfy their burden and no triable issues exist against defendants Oxley and the County of Monmouth.  Consequently, defendants Oxley and the County of Monmouth's motion for summary judgment is granted and Plaintiffs' cross motion for summary judgment is denied as to those defendants.

      C.  <u>Genuine Issues of Material Fact Exist as to the Claims Against Defendant Tenpenny</u>

Defendant Tenpenny alleges that there are no genuine issues of material fact because Plaintiffs' claim regarding the beating is implausible and "Plaintiffs' proofs completely fail to establish that any genuine issues of material fact exist[]."  (Def. Tenpenny's Br. at 10.)  However, the testimony from Plaintiffs' depositions repeated the allegations from their Complaint, alleging that defendant Tenpenny beat Marciano Parodi for approximately one hour in the presence of Judge Perri and others.  (<u>See</u> Certification of Michele J. Clark, Exhibit C at 22-31.)  Furthermore, Plaintiffs' opposition and cross motion submission included medical records for examinations of Marciano on several instances that evidenced complaints of injuries sustained following an alleged altercation at the courthouse.  Through these submissions, Plaintiffs have satisfied their burden of demonstrating genuine issues of material fact with respect to their claims. Consequently, defendant Tenpenny's motion for summary judgment is denied as is Plaintiffs' cross motion for summary judgment as to this defendant.

## III.  CONCLUSION

For the foregoing reasons, defendants Joseph Oxley and the County of Monmouth's

motion for summary judgment is granted, defendant Robert Tenpenny's motion for summary

judgment is denied, and Plaintiffs' cross motion for summary judgment is denied.  An

appropriate form of order is filed herewith.


Dated: May 31, 2006



_____s/ Garrett E. Brown, Jr._____
GARRETT E. BROWN, JR., U.S.D.J.